1
2
3
4      NOTE: CHANGES MADE BY
5      THE COURT
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11   CASH JEROME FERGUSON-CASSIDY,        )   CASE NO. CV14-06768 SVW (JPRx)
                                          )   *Hon. Stephen V. Wilson - Ctrm. 6, 2nd Fl*
12                          Plaintiff,    )   *Hon. Mag. Jean P. Rosenbluth - Ctrm. A, 8th Fl*
                                          )
13        vs.                             )
                                          )   **PROTECTIVE ORDER AS**
14   CITY OF LOS ANGELES, LOS ANGELES     )   **STIPULATED TO BY THE**
     POLICE DEPARTMENT, and DOES 1-25,    )   **PARTIES**
15   Inclusive,                           )
                                          )
16                          Defendants.   )
                                          )
17   _____     )
18

19        WHEREAS, Plaintiff Cash Jerome Ferguson-Cassidy is seeking materials and

20   information that Defendants City of Los Angeles, eta al.,("City Defendants") maintain as

21   confidential, such as personnel files of the police officers involved in this incident, Internal

22   Affairs materials and information, and other administrative materials and information

23   currently in the possession of the City Defendants and which the City Defendants believe

24   need special protection from public disclosure and from use for any purpose other than

25   prosecuting this litigation;

26        WHEREAS, Plaintiff is also seeking official information contained in the personnel

27   files of police officers, including but not limited to Jacob Maynard and Andre Plummer,

28   which the City Defendants maintain as strictly confidential and which the City Defendants

1  believe need special protection from public disclosure and from use for any purpose other

2  than prosecuting this litigation;

3       WHEREAS, the City Defendants assert that the confidentiality of the materials and

4  information sought by Plaintiff is recognized by California and federal law, as evidenced

5  *inter alia* by *California Penal Code* section 832.7 and *Kerr v. United States Dist. Ct. for*

6  *N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976);

7       WHEREAS, the City Defendants have not publicly released the materials and

8  information referenced above except under protective order or pursuant to court order, if at

9  all;

10       WHEREAS, these materials and information are of the type that has been used to

11  initiate disciplinary action against Los Angeles Police Department ("LAPD") officers, and

12  has been used as evidence in disciplinary proceedings, where the officers' conduct was

13  considered to be contrary to LAPD policy;

14       WHEREAS, absent a protective order delineating the responsibilities of nondisclosure

15  on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure

16  by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses

17  involved in this case, as well as the corollary risk of embarrassment, harassment and

18  professional and legal harm on the part of the LAPD officers referenced in the materials and

19  information;

20       WHEREAS, the unfettered disclosure of the materials and information, absent a

21  protective order, would allow the media to share this information with potential jurors in the

22  area, impacting the rights of the City Defendants herein to receive a fair trial;

23

24                     **STIPULATION**

25       Accordingly, the parties stipulate as follows:

26       1.    Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential

27  any personnel files, Internal Affairs materials or any other materials or writing that they, in

28  good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that

they believe the material contains confidential or private information.  Such materials may be classified as subject to this protective order by marking the confidential portions of the material, document or writing with a watermark, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order," or words of a similar effect.  Materials and writings so designated, and all privileged information derived therefrom [hereinafter collectively referred to as "Confidential Material"], shall be treated in accordance with the terms of this Stipulation.  In making a designation of an entire document as confidential, the Disclosing Parties are also representing that no portion of the materials is segregable and, therefore, subject to production without restriction as "Confidential."

2.     Confidential Material may be used by the persons receiving such information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3.     This Stipulation applies not only to the Confidential Material, but also to (1) any information copied or extracted from the Confidential Material; (2) all copies, excerpts, summaries or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Receiving Parties that might reveal Confidential Material.

4.     Subject to the further conditions imposed by this Stipulation, the Confidential Material may only be disclosed to the Court and to the following "qualified" persons:

       (a)     Counsel of record for the parties to this civil litigation;

       (b)     Defendants City of Los Angeles and Los Angeles Police Department;

       (c)     Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

       (d)     Parties to the litigation;

       (e)     Expert witnesses consulted and/or retained for this action; and

       (f)     The judge and court personnel, including stenographic reporters.

5.     Prior to the disclosure of any Confidential Material to any person described in paragraph 3(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such

Confidential Material shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said Confidential Material sign the Nondisclosure Agreement set forth in Attachment "A", stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

6.    Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction.  Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel or a court order.

7.    The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles and Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department shall be subject to this Order if they sign Attachment A.  In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all materials designated as "Confidential Material," and all testimony involving information derived from such "Confidential" materials shall be segregated from the rest of the deposition.  No copies of such segregated "Confidential Material" portions of the materials described above shall be provided  to any persons other than those persons identified in paragraph 4.  Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Material through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Material.

/ / /

8.    If any "Confidential Material" or testimony derived from such materials occurs at a deposition, those not listetd in paragraph 4 attending such portions of the depositions shall be bound by this Order if they sign a copy of Attachment A and, therefore, shall not

1   disclose to any person or entity, in any manner, including orally, any statements made by
2   Defendants City of Los Angeles and Los Angeles Police Department, or any other current
3   or former employee of the Los Angeles Police Department during the "Confidential" sections
4   of said depositions.

5           9.      An inadvertent failure to designate qualified materials or items does not,
6   standing alone, waive the Disclosing Party's right to secure protection under this Order for
7   such material.  Upon being notified of the correction of a designation, the Receiving Party
8   must make reasonable efforts to assure that the material is treated in accordance with this
9   provisions of this Order.

10          10.     Upon final termination of this litigation, including any appeal pertaining thereto,
11  all materials still classified as Confidential Material at that time, and all copies thereof,
12  including copies provided to any qualified person in paragraph 3 herein above, shall be
13  returned to the Disclosing Party within thirty (30) days.

14          11.     If any Receiving Party who receives Confidential Material is served with a
15  subpoena or other request seeking Confidential Material, s/he or it shall immediately give
16  written notice to counsel for the Disclosing Parties, identifying the Confidential Material
17  sought and the time in which production or other disclosure is required.  Such notice shall
18  be given sufficiently in advance of the date for production or other disclosure so that the
19  Disclosing Parties have the opportunity to obtain an order barring production or other
20  disclosure, or to otherwise respond to the subpoena or other request for production or
21  disclosure of Confidential Material.  The Receiving Party also shall immediately give notice
22  to the party who caused the subpoena or other request to issue that the material is subject to
23  this Order and include a copy of this Order.  In no event should production or disclosure be
24  made without prior written approval by the Disclosing Party's Counsel unless required by
25  court order arising from a motion to compel production or disclosure of Confidential
26  Material.  Nothing in this order authorizes or encourages a party to disobey a lawful court
27  order or subpoena.

28          12.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other

written submissions to the Court in this litigation which contain or incorporate Confidential Material shall be filed and maintained in accordance with Local Rule 79-5, which governs the filing of materials under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Material, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

13.   Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Material be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise.

14.   Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Material into evidence.

15.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

16.   Any party bound by this Stipulation who contests the confidential nature of materials produced pursuant to this Stipulation may move the Court for an order to have the materials removed from the protective order and to have the materials declared not confidential, or otherwise move to modify the Stipulation as to some or all of the materials. Any such motion must comply with Local Rule 37.

17.   Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

/ / /

6

**ATTACHMENT "A"**

**NONDISCLOSURE AGREEMENT**

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Cash Jerome Ferguson-Cassidy v. Los Angeles Police Department, et al.*, United States District Court for the Central District of California, Central Division, Case No. CV14-06768 SVW (JPRx), and hereby agree to comply with and be bound by the terms and conditions of said Order.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____     Signed: _____

*IT IS SO ORDERED.*

DATED: March 25, 2015      By _____
                                             HONORABLE JEAN P. ROSENBLUTH
                                             UNITED STATES MAGISTRATE JUDGE