Kevin E. Gilbert, SBN: 209236
**LOZANO SMITH**
2001 North Main Street, Suite 650
Walnut Creek, CA 94596
Telephone:   (925) 953-1620
Facsimile:   (925) 953-1625
Email:       kgilbert@lozanosmith.com

NOTE: CHANGES MADE BY THE COURT

Attorney for Defendant
OFFICER JACOB MAYNARD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASH JEROME FERGUSON-CASSIDY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; and JACOB MAYNARD, Police Officer II, LAPD Serial No. 34820, in his official and individual capacity, <br><br> Defendants. | Case No.  14-CV-06768 SVW (JPRx) <br><br> **DISCOVERY MATTER** <br><br> **PROTECTIVE ORDER** <br><br> Discovery Cutoff:   None set <br> Pretrial Conference: August 31, 2015 <br> Trial Date:          September 8, 2015 |

{SR160781}

[Proposed] Protective Order [14-cv-06768 SVW (JPRx)]

WHEREAS, Defendant City of Los Angeles, Los Angeles Police Department and Defendant Officer Jacob Maynard ("City Defendants") are seeking information which Plaintiff Cash Jerome Ferguson-Cassidy ("Plaintiff") contends is confidential and requires special protection from public disclosure, such as psychological evaluations and testing related to Plaintiff's claimed damages in the above-referenced litigation; and

WHEREAS, absent a protective order delineating the responsibilities of nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and undue disclosure by one or more of the many attorneys, secretaries, law clerks, paralegals and expert witnesses involved in this case, as well as the corollary risk of embarrassment, harassment and professional and legal harm on the part of Plaintiff referenced in the materials and information.

## STIPULATION

Accordingly, the parties stipulate as follows:

1. Plaintiff (hereinafter "Disclosing Party(ies)") may designate as confidential any psychological testing materials, data, results, reports and/or evaluation conducted by any licensed healthcare provider and/or their designee which he, in good faith, believes is protected from disclosure within the meaning of Fed.R.Civ.P. 26(g), in that he believes the material contains confidential or private information.  Materials and writings so designated, and all privileged information derived therefrom (hereinafter collectively referred to as "Confidential Material"), shall be treated in accordance with the terms of this Stipulation.  In making this designation, the Disclosing Parties are also representing that no portion of the materials is segregable and, therefore, subject to production without restriction as "Confidential."

2. Confidential Material may be used by the persons receiving such information (hereinafter "Receiving Party(ies)") only for the purpose of litigation of this case, and for such other purposes as permitted by law.

1

[Proposed] Protective Order [14-cv-06768 SVW (JPRx)]

3. This Stipulation applies not only to the Confidential Material, but also to: (1) any information copied or extracted from the Confidential Material; (2) all copies, excerpts, summaries or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Receiving Parties that might reveal Confidential Material.

4. Subject to the further conditions imposed by this Stipulation, the Confidential Material may only be disclosed to the Court and to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Defendants City of Los Angeles, Los Angeles Police Department and/or Officer Maynard;

    (c) Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

    (d) Parties to the litigation;

    (e) Expert witnesses consulted and/or retained for this action; and

    (f) The judge and court personnel, including stenographic reporters.

5. Prior to the disclosure of any Confidential Material to any person described in paragraph 4(a), (c) or (d), counsel for the Receiving Party who seeks to use or disclose such Confidential Material shall first provide a copy of this Stipulation and have the individual to whom the Receiving Party intends to disclose said Confidential Material sign the Nondisclosure Agreement set forth in Attachment "A," stating that the person has received and read a copy of the Stipulation and understands that s/he is bound by the terms of the Stipulation.

6. Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreement until thirty (30) days after this litigation has become final,

2

[Proposed] Protective Order [14-cv-06768 SVW (JPRx)]

including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Material, upon noticed motion of contempt filed by the Disclosing Party, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreement, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

7. The court reporter, videographer and audiographer, if any, who record all or part of the depositions in this matter shall be subject to this Protective Order provided that they sign a copy of attachment A. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all materials designated as "Confidential Material," and all testimony involving information derived from such "Confidential" materials shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Material" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 4. Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Material through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Material.

8. If any Confidential Material or testimony derived from such materials occurs at a deposition, those attending such portions of the depositions shall be bound by this Protective Order provided that, if they are not a party or counsel, they sign a copy of Attachment A, and, therefore, shall not disclose to any person or entity, in any manner.

9. An inadvertent failure to designate qualified materials or items does not, standing alone, waive the Disclosing Party's right to secure protection under this Protective Order for such material. Upon being notified of the correction of a

3

[Proposed] Protective Order [14-cv-06768 SVW (JPRx)]

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

10. Upon final termination of this litigation, including any appeal pertaining thereto, all materials still classified as Confidential Material at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 herein above, shall be returned to the Disclosing Party within thirty (30) days.

11. If any Receiving Party who receives Confidential Material is served with a subpoena or other request seeking Confidential Material, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the Confidential Material sought and the time in which production or other disclosure is required. Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. The Receiving Party also shall immediately give notice to the party who caused the subpoena or other request to issue that the material is subject to this Order and include a copy of this Order. If the disclosing party timely challenges the subpoena or other order, in no event should production or disclosure be made without prior written approval by the Disclosing Party's counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Material.

12. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the court in this litigation which contain or incorporate Confidential Material shall be filed and maintained in accordance with Local Rule 79-5, which governs the filing of materials under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate Confidential Material, shall designate the particular aspects that

are confidential so as to enable the court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the court should attempt not to disclose. If any papers to be filed with the court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

13. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of Confidential Material be heard by the court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise.

14. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Material into evidence.

15. Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

16. Any party bound by this Stipulation who contests the confidential nature of materials produced pursuant to this Stipulation may move the court for an order to have the materials removed from the protective order and to have the materials declared not confidential, or otherwise move to modify the Stipulation as to some or all of the materials. Any such motion must be filed in compliance with Local Rule 37.

///

///

///

5

[Proposed] Protective Order [14-cv-06768 SVW (JPRx)]

///

17. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

**IT IS SO ORDERED.**

Dated: August 31, 2015          By: _____
                                    HONORABLE JEAN P. ROSENBLUTH
                                    UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT "A"
# NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Cash Jerome Ferguson-Cassidy v. Los Angeles Police Department, et al.*, United States District Court for the Central District of California, Central Division, Case No. CV14-06768 SVW (JPRx), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated:_____        Signed:_____